E-FILED
Tuesday, 18 August, 2009  11:17:03 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# ROCK ISLAND DIVISION

| | |
|---|---|
| ARMANDO MANRIQUE,<br>Petitioner, | )<br>)<br>) |
| v. | ) Case No. 08-4071 |
| NEDRA CHANDLER, Warden,<br>Respondent. | )<br>)<br>) |

## ORDER

Now before the Court is Petitioner, Armando Manrique's ("Manrique"), Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Petition [#9] is DISMISSED as untimely.

## BACKGROUND

Manrique is currently incarcerated at the Dixon Correctional Center in Dixon, Illinois.

Manrique was a passenger in a rented motor home in which he and five others had been traveling on Interstate 80. On November 6, 1995, the Illinois State Police pulled over the motor home for speeding, and, after receiving permission to search the vehicle from the driver, Andrew Elken Montoya ("Montoya"), found over 1000 pounds of cocaine.

Following a jury trial in the Circuit Court of Henry County, Illinois, Manrique was convicted of controlled substance trafficking, unlawful possession of a controlled substance, and unlawful possession with intent to deliver a controlled substance. He was sentenced to fifty-six years of incarceration.

Manrique appealed, arguing that the trial court erred in denying his pre-trial motion to suppress the drug evidence. The appellate court rejected that argument and affirmed his conviction and sentence, in an unpublished order issued August 21, 1997. The Illinois Supreme Court denied his subsequent petition for leave to appeal ("PLA") on December 3, 1997.

On June 8, 1998, Manrique filed a pro se post-conviction petition, alleging, among other things, that his trial attorney was ineffective because he failed to call Montoya (both at the suppression hearing and at trial) to testify that while Manrique was traveling with him in the motor home containing 1000 pounds of cocaine, Manrique did not know about the drugs. The post-conviction court dismissed the petition as frivolous and patently without merit on August 18, 1998. On appeal, the appellate court reversed and remanded for further proceedings because the judge had relied on the State's written response to dismiss the petition at the first stage of proceedings, while Illinois law barred such reliance until the next stage.

On remand, the State filed a written response to the petition and included an affidavit from Manrique's trial attorney attesting that Montoya's trial attorney stated that (a) she would not allow counsel to interview Montoya and (2) Montoya would plead his fifth amendment right against self incrimination if called as a witness by Manrique. Following an evidentiary hearing on January 18, 2001, at which both Manrique and his trial attorney testified, the court denied post-conviction relief, finding that counsel's performance was not deficient because Montoya was unavailable as a witness during Manrique's trial and that, even if Montoya had testified on Manrique's behalf, there was no reasonable probability that the outcome would have been different. On appeal,

appointed counsel filed a motion to withdraw pursuant to *Pennsylvania v. Finley,* 481 U.S. 551 (1987), and the appellate court affirmed the denial of post-conviction relief in an unpublished order issued October 19, 2001.

On February 15, 2002, Manrique filed a second pro se post-conviction petition alleging a claim of actual innocence. Manrique attached his own affidavit and that of Montoya stating that Montoya was willing to testify that Manrique had no knowledge of the cocaine. The trial court denied the petition on April 5, 2002, and Manrique appealed.

On appeal, the appellate court reversed and remanded for further proceedings, finding that dismissal was improper because Manrique had stated the gist of a claim of actual innocence, in a published opinion filed July 23, 2004. The State's subsequent PLA was denied on November 24, 2004. On remand, appointed counsel filed an amended petition and an amended affidavit from Montoya, attesting that Montoya was willing to testify at Manrique's trial and would have testified that Manrique did not know about the cocaine. The State filed an answer, and an evidentiary hearing was held on December 16, 2005. Following testimony and argument, the court denied post-conviction relief, concluding that Manrique's jury would not have reached a different verdict had it heard Montoya's testimony.

Manrique appealed, and the state appellate court affirmed the denial of post-conviction relief. The Illinois Supreme Court denied Manrique's subsequent PLA on September 26, 2007.

On March 19, 2008, Manrique mailed his § 2254 petition, alleging that (1) trial counsel was ineffective because he failed to investigate or call Montoya to testify at trial

3

to corroborate that Manrique did not know about the cocaine and (2) the state post-conviction court erred in denying his free-standing actual innocence claim. Respondent has moved to dismiss the Petition as untimely, and Manrique filed a Traverse. As the matter is fully briefed, this Order follows.

**DISCUSSION**

There are statutory time limits which govern whether a district court can entertain a petition for writ of habeas corpus. The Antiterrorism and Effective Death Penalty Act of 1996 contains a one-year statute of limitations, set out in 28 U.S.C. § 2244. This statute states in relevant part:

> (1) A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

The time during which a properly filed application for post-conviction or other collateral review is pending in the state courts is not counted toward any period of limitation. 28 U.S.C. § 2244(d)(2).

In his present petition, Manrique argues he is entitled to relief because of errors purportedly made by his attorney and the trial court. He makes no assertion that there

4

is any newly recognized constitutional right, that he was prevented from filing, or that he was unable to discover the factual predicate for his claims through the exercise of due diligence. Thus, this case does not involve the application of sub-sections (B), (C), or (D) above.

Here, the time for seeking direct review by way of a petition for writ of certiori to the United States Supreme Court expired on March 3, 1998, *See* S. Ct. R. 13 ("a petition for a writ of certiorari to review a judgment… entered by a state court of last resort… is timely filed when it is filed… within 90 days after entry of the judgment"); *Anderson v. Litscher,* 281 F.3d 672, 675 (7th Cir, 2002) (where state prisoner does not seek certiorari, state court's judgment becomes final 90 days after its entry).

Between the date of the judgment became final on March 3, 1998 (90 days after entry of judgment), and the date Manrique filed his first post-conviction on June 8, 1998, 97 days of untolled time lapsed.  Manrique's first state post-conviction proceedings were pending (and the time limitations were tolled) from June 8, 1998 (the date Manrique filed his petition) through October 19, 2001 (the date the Illinois Appellate Court affirmed the denial of post-conviction relief).

The limitations period resumed running on the following day, October 20, 2001, and remained untolled until Manrique filed his second post-conviction petition on February 15, 2002, for a total of 118 days.  Manrique's limitations clock was tolled during the pendency of his second post-conviction proceedings from February 15, 2002, through September 26, 2007, when the Illinois Supreme Court denied his PLA.

Manrique's limitation clock resumed running the following day, and continued running until he filed his § 2254 petition on March 19, 2008, for a total of 174 days.

Accordingly, Manrique did not file his § 2254 petition until 389 days of un-tolled time had elapsed (97 + 118 + 174).

In his traverse, Manrique states:

> [H]e lacks proficiency in the English language and the order from the Illinois Supreme Court was ambiguous where it did not specify between the two dates contained in the order and he tolled his time in accordance with the November 1, 2008[,] date believing that this was the correct date twelve days earlier than it was due to be filed. In accordance with the societal interest and in light of such extraordinary circumstances, where an innocent man has been convicted and meets all the standards to allow review of his claim by this court according to the merits, Habeas Corpus relief is proper.

The Court does not find that Manrique demonstrates any "extraordinary circumstances" that would warrant equitable tolling of the statute of limitations. In addition, this Court notes that the Seventh Circuit has not held that equitable tolling is even available in the context of a § 2254 petition, referring to its availability as "dubious." *Williams v. Buss,* 538 F.3d 683, 685 (7th Cir. 2008), *citing Johnson v. Chandler,* 224 Fed.Appx. 515, 519 (7th Cir. 2007); *Williams v. Sims,* 390 F.3d 958, 963-64 (7th Cir. 2004); *Modrowski v. Mote,* 322 F.3d 965, 967 n. 12 (7th Cir. 2003). Even if equitable tolling is available, it requires "extraordinary circumstances far beyond the litigant's control...." *Id., citing United States v. Marcello,* 212 F.3d 1005, 1010 (7th Cir. 2010). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id., citing Pace v. DiGuglielmo,* 554 U.S. 408, 418 (2005). Based on Manrique's explanation for filing an untimely petition, the Court cannot find that some extraordinary circumstance stood in his way.

The Court therefore concludes that more than one-year had elapsed between the denial of his PLA and the filing of his § 2254. Therefore, the time period exceeded the statutorily prescribed one-year period of limitations after which a federal court cannot entertain a petition brought pursuant to § 2254 by a prisoner in state custody, and that equitable tolling, even if available, would not be appropriate. Therefore, the petition must be dismissed as untimely.

Further, the Court of Appeals for the Seventh Circuit has held that prisoners claiming to be innocent must meet the statutory requirement of timely action. *Araujo v. Chandler*, 435 F.3d 678, 680 (7th Cir. 2005) *citing Escamilla v. Jungwirth,* 426 F.3d 868 (7th Cir. 2005). *Araujo* further held that actual innocence is not a freestanding exception to the [§§ 2244] statute. *Id.* at 682. Accordingly, Manrique's claim of innocence is not an exception to the one-year limitation on § 2254 actions.

## CONCLUSION

For the reasons set forth herein, Manrique's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [#9] is DISMISSED as untimely.

ENTERED this 17th day of August, 2009.

s/ Michael M. Mihm  
Michael M. Mihm  
United States District Judge